**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE RUIZ,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-cv-499** |
| **v.** | : | **(JUDGE MANNION)** |
| **SUPERINTENDENT OF SCI FOREST, *et al.*,** | : | |
| | : | |
| **Respondents** | | |

**MEMORANDUM**

Presently before the Court is *pro se* Petitioner Jose Ruiz ("Ruiz")'s petition for a writ of habeas corpus under 28 U.S.C. §2254. For the reasons set forth below, the Court will dismiss the petition.[1]

**I.    BACKGROUND**

Ruiz, who is currently incarcerated at Pennsylvania State Correctional Institution Forest, commenced this action by filing his Section 2254 petition on March 11, 2025.[2] (Doc. 1.) In his petition, Ruiz indicates that he is

---

[1] Ruiz also filed an application for leave to proceed *in forma pauperis* ("IFP Application") with his petition. (Doc. 2.) However, a day after filing the application, Ruiz remitted the filing fee. *See* (Unnumbered Docket Entry After Doc. 3). Therefore, the Court will deny the IFP Application as moot.

[2] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266,

*(footnote continued on next page)*

challenging his criminal convictions and sentence from two (2) criminal cases in the York County Court of Common Pleas, Nos. CP-67-CR-7560-2006 ("No. 7560-2006") and CP-67-CR-1095-2008 ("No. 1095-2008"). (*Id.* at 1.) The Court will first discuss Ruiz's prior state and federal proceedings pertaining to these cases before briefly summarizing his claims in his habeas petition filed in this case.

## A.    Ruiz's Underlying Criminal Convictions and Sentence

The facts and procedural histories of the criminal cases Ruiz identifies as those he is challenging in his Section 2254 petition—Nos. 7560-2006 and 1095-2008—have been previously described as follows:

### [No. 7560-2006]

On September 19, 2007, after a jury trial, [Ruiz] was found guilty of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and two counts each of unlawful contact with a minor, indecent assault, and corruption of minors.

On June 20, 2008, the trial court sentenced Ruiz to a term of incarceration of not less than sixteen nor more than thirty-two years['] incarceration.

On September 24, 2008, Ruiz filed a Notice of Appeal with the Pennsylvania Superior Court.

276 (1988). Here, Ruiz included a declaration with his petition in which he indicates that he placed his petition in the prison mail system on March 11, 2025. (Doc. 1 at 14.) As such, the Court uses March 11, 2025 as the petition's filing date even though the Clerk of Court did not docket it until March 19, 2025.

On September 2, 2009, the Pennsylvania Superior Court affirmed [Ruiz]'s judgment of sentence.

Ruiz did not file for allowance of appeal [with] the Pennsylvania Supreme Court.

### [No. 1095-2008]

On July 15, 2009, after a jury trial, [Ruiz] was found guilty of three counts each of rape of a child, involuntary deviate sexual intercourse with a child, and unlawful contact with a minor.

On October 26, 2009, the trial court sentenced Ruiz to a term of incarceration of not less than thirty nor more than sixty years['] incarceration.

On January 28, 2010, Ruiz filed a Notice of Appeal with the Pennsylvania Superior Court.

On December 7, 2010, the Pennsylvania Superior Court affirmed [Ruiz]'s judgment of sentence.

On June 7, 2011, the Pennsylvania Supreme Court denied Ruiz's petition for allowance of appeal.

On June 13, 2012, Ruiz filed his first pro se petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.[] §§9541[–46] ("PCRA"), collaterally attacking his convictions in [Nos. 7560-2006 and 1095-2008]. Counsel was appointed, but rather than filing an amended PCRA petition, Ruiz's counsel filed a . . . petition seeking permission to withdraw. On November 5, 2012, the Court granted counsel's request to withdraw. On December 10, 2012, the PCRA [court] entered an order denying Ruiz's PCRA petition.

On September 13, 2013, Ruiz filed a second pro se PCRA petition, again collaterally attacking his convictions in cases [Nos. 7560-2006 and 1095-2008]. On September 30, 2013, the PCRA Court provided Ruiz with a notice of its intent to dismiss the PCRA petition pursuant to Pa. R. Crim. P. 907(1). Ruiz did

not respond to the Rule 907 notice. Instead, on October 16, 2013, he filed a notice of appeal from the order entered September 30, 2013 and a statement of errors complained of on appeal. On October 25, 2013, the PCRA court entered its order dismissing Ruiz's petition. By Memorandum Opinion dated September 30, 2014, the Pennsylvania Superior Court affirmed the PCRA court's dismissal of Ruiz's PCRA petition as untimely.

On October 10, 2014, Ruiz filed a petition for allowance of appeal to the Pennsylvania Supreme Court from the Superior Court's September 30, 2014 Memorandum Opinion, which was denied on December 10, 2014.

*Ruiz v. Harry*, No. 15-cv-99, 2016 WL 438984, at *1–2 (M.D. Pa. Feb 3, 2016).

## B.    Ruiz's Prior Federal Habeas Proceedings

On January 16, 2015, Ruiz filed a Section 2254 habeas petition challenging his convictions and sentence in Nos. 7560-2006 and 1095-2008, which was assigned to the Honorable William J. Nealon, who is now deceased. *See Ruiz v. Harry, et al.*, No. 15-cv-99 (M.D. Pa.), ECF No. 1. Approximately two (2) months later, Judge Nealon issued a notice to Ruiz indicating that he could either (1) have his petition ruled on as filed, that is, as a Section 2254 petition, but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive Section 2254 petition within the one (1)-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). *See id.*, ECF No. 2. On March 16, 2015, Ruiz returned the notice

of election, indicating that he wanted to proceed with his Section 2254 petition as filed. *See id.*, ECF No. 3.

On April 7, 2015, Respondent filed a motion to dismiss Ruiz's Section 2254 petition as untimely. *See id.*, ECF No. 5. Ruiz never filed a brief in opposition to this motion. *See Ruiz*, 2016 WL 438984, at *2. On February 3, 2016, Judge Nealon issued a Memorandum and Order dismissing Ruiz's Section 2254 habeas petition as untimely. *See id.* at *4; *Ruiz v. Harry, et al.*, No. 15-cv-99 (M.D. Pa.), ECF Nos. 14, 15.

Ruiz filed a notice of appeal from Judge Nealon's dismissal of his Section 2254 petition to the Third Circuit Court of Appeals. *See Ruiz v. Harry, et al.*, No. 15-cv-99 (M.D. Pa.), ECF No. 16. On May 13, 2016, the Third Circuit denied Ruiz's request for a certificate of appealability. *See id.*, ECF No. 20. Ruiz filed a petition for a writ of *certiorari* with the United States Supreme Court, which the Supreme Court denied on October 3, 2016. *See Ruiz v. Harry*, No. 16-5666 (S. Ct.).

## C.    Ruiz's Claims in His Instant Section 2254 Petition

In his Section 2254 petition, Ruiz asserts four (4) claims. First, Ruiz argues that the "government" and "prosecution" interfered with his ability to file a timely petition because they "failed to notify [him] of his [d]ue [p]rocess rights to immigration [sic] judge order of removal." (Doc. 1 at 5.) Ruiz argues

that "the government's failure to give [him] a due process hearing amounts to government interference and [therefore] meets the timeliness exception." (*Id.*)

Second, Ruiz contends that his sentence violates the Eighth Amendment to the United States Constitution. (*Id.* at 6.) He argues that his sentence of a minimum of forty-six (46) years to a maximum of ninety-two (92) years is "illegal, excessive, [and] cruel." (*Id.*) He also asserts that this sentence "exceeds [the] legal maximum for the crime." (*Id.*)

Third, Ruiz maintains that he received unconstitutional mandatory minimum sentences in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*Id.* at 8.) He claims to have received nine (9) consecutive sentences of a minimum of five (5) years to a maximum of ten (10) years, which resulted in an *Apprendi* violation. (*Id.*)

Fourth, and finally, Ruiz appears to assert that he is entitled to a due process hearing so he can obtain a final order for removal from the United States. (*Id.* at 13.) Based on this argument, Ruiz's sole requested form of relief is a "due process order of removal by an immigration judge into the [Immigration and Customs Enforcement ("ICE")] under" an immigration detainer issued against him in 2009. (*Id.* at 14.)

- 6 -

## II.    LEGAL STANDARDS

### A.    Screening of Section 2254 Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. *See* R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.*

### B.    Section 2254 Habeas Petitions

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Claimed violations of state law standing

alone, will not entitle a petitioner to relief, absent a showing that those violations are so great as to be of a constitutional dimension. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Furthermore, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must have exhausted the remedies available to them in the courts of the state. 28 U.S.C. §2254(b)(1)(A).

These same principles that limit habeas relief to errors of a constitutional dimension also require federal courts to give an appropriate degree of deference to the factual findings and legal rulings made by the state courts during state criminal proceedings. There are two (2) critical components to this deference mandated by Section 2254.

First, with respect to legal rulings by state courts, habeas relief is unavailable to a petitioner for any claim that has been adjudicated on its merits in state court unless it can be shown that the state court decision was either: (1) "contrary to" or involved an unreasonable application of clearly established case law; *id.* §2254(d)(1); or (2) was "based upon an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding," *id.* §2254(d)(2). Applying this deferential standard of review, federal courts frequently decline invitations by habeas petitioners to substitute their legal judgments for the considered views of the state trial and appellate courts. *See Rice v. Collins*, 546 U.S. 333, 338–39 (2006) (concluding that state court's decision on petitioner's peremptory challenge based on *Batson v. Kentucky*, 476 U.S. 79 (1986), "was not an unreasonable determination of the facts in light of the evidence presented to the state court"); *see also Warren v. Kyler*, 422 F.3d 132, 139–40 (3d Cir. 2006) (determining that state court's decision to apply presumption in the applicable version of 42 Pa. C.S. §9714 was not "an objectively unreasonable application of clearly established federal law"); *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) ("We agree with the District Court that the state court decisions are not contrary to clearly established federal law.").

In addition, the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. See 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to

be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). This presumption in favor of the correctness of state court factual findings has been extended to a host of factual findings made during criminal proceedings. *See, e.g.*, *Maggio v. Fulford*, 462 U.S. 111, 117 (1983) (per curiam) (explaining that under the applicable standard, "we have not the slightest hesitation in saying that the trial court's conclusion as to [the defendant's] competency was fairly supported by the record" (citation and internal quotation marks omitted)). This principle applies to factual findings made both by the state trial court and state appellate courts. *See Rolan v. Vaughn*, 445 F.3d 671, 679 (3d Cir. 2006) ("Generally, federal courts defer to state appellate court determinations of fact."). Thus, this Court may not re-assess credibility determinations made by the state courts and must give equal deference to both the explicit and implicit factual findings made by the state courts. *See Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000) ("[W]e must provide the same presumption of correctness required by §2254(e)(1) to the state courts' implicit factual findings as we provide to express findings of the state courts." (citing *Campbell v. Vaughn*, 209 F.3d 280, 285–86 (3d Cir. 2000))); *Rolan*, 445 F.3d at 681 (explaining that under the applicable standard of review, federal courts may only grant habeas relief whenever "[o]ur reading of the

PCRA court records convinces us that the Superior Court made an unreasonable finding of fact").

## III.    DISCUSSION

### A.    Screening of Ruiz's Claims

The Court has screened Ruiz's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained above, the Court construes Ruiz's petition as containing four (4) claims: (1) a due process claim relating to his removal proceedings in 2009, (Doc. 1 at 5); (2) an illegal and unconstitutionally excessive sentence, (*id.* at 6); (3) an *Apprendi* violation (*id.* at 8); and (4) a request to be released from state incarceration into ICE's custody so he can be removed from the United States (*id.* at 13–14). As explained below, this Court lacks jurisdiction to consider any of these claims under Section 2254 because Ruiz's Section 2254 petition is an unauthorized second or successive Section 2254 petition.

Ruiz previously challenged his underlying York County convictions and aggregate sentence through a Section 2254 petition that Judge Nealon dismissed as untimely. Therefore, the instant Section 2254 petition is subject to the second or successive habeas petition authorization requirements of 28 U.S.C. §2244(b). In this regard, AEDPA provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court

without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, §2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996))). If the petitioner fails to first obtain approval from the appropriate court of appeals, a district court lacks subject-matter jurisdiction to consider the second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." *Benchoff*, 404 F.3d at 816; *see also Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second

or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to §2244(b)."). If, however, "a prisoner has filed a previous habeas petition that was adjudicated on the merits, [they] may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (unpublished). In addition, the second or successive "doctrine . . . bar[s] claims that *could have been raised* in an earlier habeas corpus petition" but were not raised by the petitioner. *Benchoff*, 404 F.3d at 817 (emphasis added) (citations omitted).

After reviewing the instant habeas petition, the Court concludes that it is a second or successive habeas petition insofar as Judge Nealon adjudicated Ruiz's prior Section 2254 habeas petition on the merits when he dismissed it due to Ruiz's failure to file it within AEDPA's one (1)-year statute

of limitations. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) (unpublished) (explaining that a prior dismissal of a Section 2254 petition as untimely "counts as a ruling on the merits for purposes of 28 U.S.C. §2244(b)" (citing *Villaneuva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) and *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003))); *Stokes v. Gehr*, 399 F. App'x 697, 699 n.2 (3d Cir. 2010) (unpublished) ("A motion under §2254 would be 'second or successive' because Stokes' first such petition was dismissed as untimely . . . ."); *Robertson v. Pennsylvania*, No. 21-cv-1989, 2022 WL 4238094, at *2 (M.D. Pa. Sept. 14, 2022) ("[T]he dismissal of a §2254 petition with prejudice, e.g., for failure to comply with the one–year statute of limitations, constitutes an adjudication on the merits that renders subsequent §2254 petitions challenging the same conviction second or successive under §2244(b)." (citing *Stokes*, 399 F. App'x at 699 n.2)); *Pollard v. Cnty. of Luzerne*, Nos. 20-cv-611, 21-cv-28, 2022 WL 22000424, at *8 (M.D. Pa. Mar. 22, 2022) ("[W]e note that a dismissal of a §2254 petition with prejudice, e.g., for a failure to comply with the statute of limitations, constitutes an adjudication on the merits that renders subsequent §2254 petitions challenging the same conviction second or successive under §2244(b)." (citations omitted)), *report and recommendation adopted*, 2022 WL 22001378 (M.D. Pa. May 2, 2022); *see also Lundy v. Superintendent*

*Frackville SCI*, No. 22-2323, 2022 WL 18301487 (3d Cir. Nov. 23, 2022) ("The dismissal as untimely of Appellant's prior habeas petition, *see Lundy v. Brittain*, No. 1:21-cv-1259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021), which challenged the same conviction at issue here, rendered subsequent petitions challenging that conviction second or successive . . . ." (citations omitted)). Thus, Ruiz cannot file the instant second or successive Section 2254 petition seeking habeas corpus relief without first seeking and receiving approval from the Third Circuit. *See Benchoff*, 404 F.3d at 817. Ruiz has neither sought nor obtained an order from the Third Circuit allowing this Court to consider the merits of his habeas claims. Accordingly, this Court does not have subject-matter jurisdiction to consider them. *See* 28 U.S.C. §2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that Section 2244 "limits the authority of the district court to consider second or successive petitions without an order of the court of appeals").

In situations such as those presented here, where "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." *Robinson*, 313 F.3d at 139; 28 U.S.C. §1631 ("Whenever a civil action is filed

in a court . . . and that court finds that there is a want of jurisdiction, the court

shall, if it is in the interest of justice, transfer such action . . . to any other

such court in which the action . . . could have been brought at the time it was

filed."). When determining whether to transfer a habeas action to the court of

appeals, the district court should "consider whether the petitioner alleges

sufficient facts to satisfy the gatekeeping requirement of the relevant habeas

provision." *Lee v. Lane*, No. 15-cv-2195, 2017 WL 3167410, at *3 (M.D. Pa.

June 23, 2017) (citations omitted), *report and recommendation adopted*,

2017 WL 3158853 (M.D. Pa. July 25, 2017); *Hatches v. Schultz*, 381 F. App'x

134, 137 (3d Cir. 2010) (unpublished) ("In deciding that it would not be in the

interest of justice to transfer the petition to the Fourth Circuit, the District

Court properly considered whether Hatches had alleged facts sufficient to

bring his petition within the gatekeeping requirement of §2255 permitting

'second or successive' petitions based upon newly discovered evidence or

a new rule of constitutional law." (citation omitted)). The relevant habeas

provision in this case is 28 U.S.C. §2244(b)(2), which provides as follows:

> A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior
> application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2).

Here, Ruiz's habeas challenges do not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* §2244(b)(2)(A). Moreover, Ruiz does not allege that "the factual predicate" for his challenges "could not have been discovered previously through the exercise of due diligence." *Id.* §2244(b)(2)(i). He also does not argue that any such facts would be sufficient to affect his convictions under the standard set forth in subsection (ii). While this Court expresses no opinion about the merits of Ruiz's claims in his petition, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the Court finds that the interests of justice do not warrant transferring this matter to the Third Circuit. Accordingly, the Court will dismiss Ruiz's Section 2254 habeas claims without prejudice for lack of subject-matter jurisdiction.

- 17 -

## B.    Certificate of Appealability

A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, the Court finds that reasonable jurists would not debate whether the Court was correct in determining that Ruiz's Section 2254 petition is an unauthorized second or successive habeas petition. Accordingly, the Court will not issue a COA.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:  August 11, 2025**
25-499-01

- 18 -